UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANIE DORROUGH-MERINO,<br><br>Plaintiff,<br><br>v.<br><br>EVELYN STONE, INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | CASE NO. C05-750JLR<br><br>ORDER |

This matter comes before the court on the motion of the United States (the "Government") to dismiss this action (Dkt. # 2). For the reasons stated below, the court GRANTS the motion, dismisses this action, and directs the clerk to enter judgment for the Government.

Although the Government offers several bases for dismissing this action, the court will focus on Plaintiff's failure to properly serve any of the parties. Plaintiff filed the complaint in this action on April 20, 2005. According to the "Service of Legal Process Worksheet" that Plaintiff filed with her complaint, she sent the complaint via "registered, certified mail" to the Internal Revenue Service's Civil Process Clerk and to the Attorney General of the United States, both at their Washington D.C. mailing addresses. Plaintiff endeavored to serve Evelyn Stone, an Internal Revenue Service employee, by "tap[ing] the summons on a door in an unaddressed opened envelope" at the Seattle branch of the Internal Revenue Service.

ORDER – 1

1     Fed. R. Civ. P. 4 ("Rule 4") imposes stringent requirements for serving the United States, its agencies, and their officers. First, under Rule 4(c)(1), a plaintiff must serve a summons "together with a copy of the complaint." Plaintiff never obtained a summons from this court, and thus could not have served a summons on any Defendant. Although Plaintiff claims to have "taped the summons" on the door of the Seattle branch office of the Internal Revenue Service, the court assumes that she means that she taped the complaint.

    Even if the court were to ignore Plaintiff's failure to serve a summons, it cannot ignore her failure to comply with Rule 4(i). To serve the United States, its agencies, or its officials, a plaintiff must first "deliver[] a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney . . . ." Fed. R. Civ. P. 4(i)(1)(A). Plaintiff has not done so.

    Under Rule 4(m), the court has the discretion to dismiss an action without prejudice if a plaintiff fails to effect proper service within 120 days of filing the complaint, provided the plaintiff has received notice. In this case, the Government served Plaintiff with the instant motion by mail, and the motion described Plaintiff's improper service as one basis for dismissing the action. Plaintiff did not respond to the motion, and there is no indication that she has attempted to perfect service. Under these circumstances, the court finds that Plaintiff has received notice of her failure to serve Defendants, and has not "show[n] good cause for the failure" under Rule 4(m). The court must strictly enforce the service requirements of Rule 4. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 109-10 (1987); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528-29 (9th Cir. 1990). The court therefore dismisses this action without prejudice.

ORDER – 2

1   For the foregoing reasons, the court GRANTS the Government's motion to dismiss
2 (Dkt. # 2).  The clerk shall enter judgment for the Defendants in this action.
3   Dated this 20th day of September, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 3